UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK PALMER and
PHILIP BERRYMAN,

    Plaintiffs,

v.

                                  Case No. 16-13665
                                  Honorable Linda V. Parker

ELROD, GEORGE STEPHENSON,
KRISTOPHER STEECE, P.C. JENKINS,
BRIDGES, TOM SCHULTE, L. MACEACHERN,
M. THOMAS, and GETTER,

    Defendants.
_____/

## OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S AUGUST 9, 2017 REPORT AND RECOMMENDATION [ECF NO. 36] AND (2) GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 18, 27]

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Michigan prisoners Derrick Palmer and Philip Berryman. At this time, Palmer is the only remaining Plaintiff and Marlon Thomas, Amie Jenkins, Kristopher Steece, and William Bridges are the only remaining defendants (hereafter "Defendants"). On February 10, 2017, Jenkins, Bridges, and Steece filed a motion for summary judgment based on Palmer's alleged failure to exhaust administrative remedies. (ECF No. 18.) On April 10, 2017, Thomas filed a similar motion. (ECF No. 27.) This matter has been referred to Magistrate Judge Elizabeth A. Stafford for all

1

pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 9, 2017, Magistrate Judge Stafford issued an R&R recommending that this Court grant Defendants' motions for summary judgment. (ECF No. 36.) Magistrate Judge Stafford concludes that Palmer failed to exhaust his administrative remedies prior to filing this lawsuit. (*Id*. at Pg ID 352.) Magistrate Judge Stafford also concludes that Defendants are entitled to Eleventh Amendment Immunity to the extent Palmer is suing them in their official capacities for monetary damages and that they are entitled to qualified immunity. (*Id*. at Pg ID 353.) As to the latter, Magistrate Judge Stafford finds that Palmer fails to establish a violation of his constitutional rights based on Defendants' false accusations of misconduct. (*Id*. at Pg ID 354.) Magistrate Judge Stafford further finds that Palmer fails to allege a First Amendment retaliation claim because he does not show that he suffered an adverse action taken against him that would deter a person of ordinary firmness from engaging in protected conduct and because he makes only conclusory allegations to show that any adverse action was motivated, even in part, by the protected conduct. (*Id*. at Pg ID 355-56.)

At the conclusion of the R&R, Magistrate Judge Stafford informs the parties that they must file any objections to the R&R within fourteen days. (*Id.* at Pg ID

357.) She further advises that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.*, citations omitted). No objections were filed.

The Court has carefully reviewed the R&R and concurs with the conclusions reached by Magistrate Judge Stafford. The Court therefore is adopting Magistrate Judge Stafford's August 9, 2017 R&R. Yet, the Court notes one disagreement with Magistrate Judge Stafford's analysis.

With respect to Palmer's claims based on Defendants' accusations of misconduct, Magistrate Judge Stafford writes: "False accusations of misconduct do not violate a prisoner's constitutional rights." (*Id.* at Pg ID 354, citing *Jackson v. Madery*, 158 F. App'x 656, 662-63 (6th Cir. 2005).) This is not an accurate statement of the law under Sixth Circuit precedent. *False* accusations of misconduct may violate a prisoner's constitutional rights; but, if the prisoner is found guilty of the misconduct after a hearing, the claim fails. *Jackson*, 158 F. App'x at 662 (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) ("A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates a retaliation claim.' ")). Magistrate Judge Stafford correctly reasoned, however, that Palmer's claim fails for the additional reason that he received a fair hearing with respect to the false misconduct report. *Jackson*, 158 F. App'x at 662 (citing *Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988)) ("False accusations of

3

misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing.).

Accordingly,

**IT IS ORDERED** that Defendants' motions for summary judgment (ECF Nos. 18, 27) are **GRANTED**.

> s/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: September 25, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 25, 2017, by electronic and/or U.S. First Class mail.

> s/ R. Loury
> Case Manager